# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN, | 1:10cv0221 DLB |
| Plaintiff, | ORDER DENYING DEFENDANT'S APPLICATION FOR AN ORDER TO SHOW CAUSE |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, | (Document 26) |
| Defendant. | |

On November 23, 2011, Defendant Federated Life Insurance Company ("Federated") filed the instant application for an order to show cause why non-party Certified Automotive ("Certified") and Plaintiff Keith Warkentin ("Warkentin") should not be held in contempt pursuant to Federal Rule of Civil Procedure 45. The matter was heard on January 6, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. D. Egge appeared on behalf of Defendant Federated. David Hollingsworth appeared on behalf of Plaintiff Warkentin.

## INTRODUCTION

Plaintiff Warkentin filed this action on December 22, 2009, in Merced County Superior Court claiming that Federated unreasonably denied him benefits under two disability insurance policies. Federated removed the action to this Court on February 10, 2010.

On November 23, 2011, Federated filed the instant application for an order to show cause ("OSC") why non-party Certified Automotive and Plaintiff Warkentin should not be held in contempt pursuant to Federal Rule of Civil Procedure 45 for Certified Automotive's failure to

respond to a subpoena for production of documents. Neither Certified Automotive nor Plaintiff Warkentin filed a response to the OSC application.

On December 9, 2011, the parties filed a stipulation to extend discovery deadlines, with non-expert discovery to close on February 14, 2012.

On December 28, 2011, Federated filed a supplemental brief regarding the OSC application, stating that it received documents from Certified Automotive. Although documents were produced, Federated now requests that Certified Automotive and Plaintiff Warkentin pay the expenses incurred for the OSC application.

## FACTUAL BACKGROUND

On October 12, 2011, Federated served a subpoena for records on non-party Certified Automotive, which set the date for production as November 2, 2011. The requested records relate to Plaintiff Warkentin, who is an owner of Certified Automotive. Federated served a copy of the subpoena on Warkentin's counsel on October 6, 2011. Exhibit A to Declaration of Sheila Tatayon ("Tatayon Dec.").

Federated did not receive any objections to the subpoena by November 2, 2011.

Federated, through its counsel, attempted to set a date for production of documents. Jackie LaBine, a paralegal, contacted Certified Automotive to arrange a time to view and mark documents for copying. Ms. LaBine arranged with Certified Automotive employee Carl Smith to inspect the documents on November 14, 2011. Tatayon Dec. ¶¶ 4-7. By letter dated November 11, 2011, Ms. LaBine notified Warkentin's attorney that she intended to inspect the documents and asked him to confirm whether he represented Certified Automotive. Tatayon Dec. ¶ 8 and Exhibit B.

On November 11, 2011, Warkentin's attorney, David Hollingsworth, contacted Ms. LaBine, who directed him to defense counsel Sheila Tatayon. Mr. Hollingsworth informed Ms. Tatayon that he could not attend the document inspection. He also expressed concerns regarding the subpoena, including that the documents to be produced contained personal financial information, the subpoena was vague and the sheer volume of the records made production burdensome. Mr. Hollingsworth indicated that he had expressed these concerns to defense

counsel, Daniel P. Costa.  Mr. Hollingsworth clarified that Warkentin, as CEO and owner of Certified Automotive, was rasing the objections and concerns.  Based on the statement, Ms. Tatayon expressed her understanding that Mr. Hollingsworth represented Certified Automotive with respect to the subpoena.  She asked Mr. Hollingsworth to submit his objections and concerns in writing by close of business on November 11, 2011.  Tatayon Dec. ¶¶ 9-18.  Ms. Tatayon confirmed the telephone conversation in writing and sent it via facsimile to Mr. Hollingsworth.  In her letter, she notified Mr. Hollingsworth that the time for objections to the subpoena had passed pursuant to Fed. R. Civ. P. 45.  She also noted that the documents were necessary to complete depositions of Certified Automotive employees scheduled for November 17, 2011.  Tatayon Dec. ¶ 19 and Exhibit C.

The parties exchanged a series of phone calls and letters to address the discovery dispute.  Mr. Hollingsworth sent a letter stating his objections on November 11, 2011.  In the letter, he also objected to the last-minute notice of Ms. LaBine's request to view documents on November 14 and clarified that he did not represent Certified Automotive.  Tatayon Dec. ¶¶ 20-21 and Exhibit D.

As no resolution had been reached, Federated's counsel decided not to inspect documents at Certified Automotive on November 14, 2011.  However, on the morning of November 14, Ms. LaBine received a voice mail message from Jeff Joines of Mr. Hollingsworth's office stating that she could go and view the documents, but that Mr. Hollingsworth would not attend the document inspection.  Tatayon Dec. ¶¶ 22-23.  Federated's counsel then sent a letter to Mr. Hollingsworth notifying him that Ms. LaBine would inspect the documents on November 15, 2011.  Tatayon Dec. ¶ 24 and Exhibit E.

Ms. LaBine inspected documents at Certified Automotive on November 15, 2011.  However, Certified Automotive failed to produce any documents response to items 10 through 16 of the subpoena.  Tatayon Dec. ¶¶ 25-26.

On November 23, 2011, Federated filed the instant motion for an OSC why sanctions should not be imposed for Certified Automotive's failure to produce responsive documents.  Docs. 26 and 27.

On November 29, 2011, Warkentin's counsel provided documents relating to Certified Automotive's corporate structure at a deposition of a treating physician. Supplemental Declaration of Sheila Tatayon ("Tatayon Supp. Dec.") ¶ 4.

On December 2, 2011, Certified Automotive's accountants notified Federated's copy service that documents requested in the subpoena were ready. The documents totaled approximately 1,700 pages. Tatayon Supp. Dec. ¶ 5.

On December 8, 2011, Warkentin and Mr. Carl Smith, an employee of Certified Automotive, reportedly each requested payment of $24.00 per hour for the time they spent using a computer program to produce the Technician Productivity Reports requested by the subpoena. Federated agreed to pay the charge totaling $240.60. Tatayon Supp. Dec.¶ 6.

On December 28, 2011, Federated filed its supplemental briefing on the request for OSC.

## **DISCUSSION**

Federated initially applied for an order to show cause based on Certified Automotive's failure to produce documents in response to a Rule 45 subpoena. Although Certified Automotive produced documents, Federated now requests that Certified Automotive and Plaintiff Warkentin be ordered to pay Federated's expenses in filing the application for an OSC because documents were not produced until after the filing.

In support of the request for expenses, Federated relies on Federal Rule of Civil Procedure 37(a)(5)(a). However, Rule 37(a), which authorizes the award of expenses, does not apply in this situation. Rule 37 does not authorize an award of expenses for a motion to compel nonparties to produce documents. *See Penwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983); *see also Scruggs v. Vance*, 2011 WL 6368297, *14 (E.D. Cal. Dec. 19, 2011). The only authority for the imposition of sanctions against a nonparty for failure to comply with a subpoena is Rule 45(e). *Penwalt*, 708 F.2d at 494.

The issuing court may hold a person in contempt for failing to obey a subpoena. Fed. R. Civ. P. 45(e). "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D.Md. 2001) (citing Advisory Committee Notes to Rule 45(a) 1991 amend.

4

["Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions"]).

A civil contempt sanction is designed to force the contemnors to comply with an order of the court and thus to affect discovery. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999). Civil contempt is characterized by the court's desire to compel obedience with a court order or to compensate the contemnor's adversary for the injuries which result from the non-compliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 778 (9th Cir. 1983). A district court has wide latitude in determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Here, there is no basis for an order of contempt or the imposition of sanctions. This is not a situation involving a total refusal or failure to comply with a subpoena. As confirmed at the hearing, Certified Automotive produced documents responsive to certain subpoena requests prior to any OSC application. Both before and after the OSC application was filed, the parties participated in ongoing discussions regarding the scope of the subpoena. Certified Automotive then produced the remaining documents within approximately two weeks of the OSC application. Certified Automotive has not withheld any documents and has fully complied with the subpoena. As such, Certified Automotive is not in civil contempt. Further, Federated has presented no authority to sanction Plaintiff Warkentin based on a subpoena issued to Certified Automotive.

**CONCULSION**

For the reasons discussed above, Federated's application for an order to show cause is DENIED.

IT IS SO ORDERED.

Dated:   **January 13, 2012**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE