# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH WARKENTIN, | ) | 1:10cv0221 DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO STRIKE PORTIONS OF |
| v. | ) | DEFENDANT/COUNTER-CLAIMANT'S |
| | ) | ANSWER TO FIRST AMENDED |
| FEDERATED LIFE INSURANCE | ) | COMPLAINT AND COUNTER CLAIM IN ITS |
| COMPANY, | ) | ENTIRETY |
| | ) | |
| | ) | (Document 51) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On February 21, 2012, Plaintiff Keith Warkentin ("Plaintiff" or "Warkentin") filed the instant motion to strike portions of the answer and counterclaim filed by Defendant Federated Life Insurance Company ("Federated"). The matter was heard on March 23, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. David Hollingsworth appeared on behalf of Warkentin. Sheila Tatayon appeared on behalf of Federated.

## FACTUAL BACKGROUND[1]

On June 14, 2005, Warkentin completed and signed a written application for a disability insurance policy from Federated.

On June 27, 2005, Federated conducted a phone interview with Warkentin. During the interview, Federated asked questions contained in the application, including "Have you seen any other doctors, chiropractors, specialists, or therapists in the last 5 years including any medication,

---

[1] The underlying facts are derived from Warkentin's motion to strike. Doc. 52.

1  treatment or therapy?"  Warkentin responded "No."

2  On September 8, 2005, Federated sent Warkentin disability insurance policy 656909

3  ("Policy"), along with an Acknowledgment of Acceptance and Delivery of Policy

4  ("Acknowledgment").  Warkentin signed the Acknowledgment attesting that the information

5  contained in the Policy (and application) was true to the best of his knowledge.

6  After a dispute arose regarding the Policy coverage,  Warkentin initiated this action on

7  December 22, 2009, in Merced County Superior Court.  Warkentin initially claimed that

8  Federated unreasonably denied him benefits under two disability insurance policies.  Federated

9  removed the action to this Court on February 10, 2010, and filed an answer to the complaint.

10  On January 12, 2012, the parties stipulated to  to allow Warkentin to file a First Amended

11  Complaint ("FAC") and to allow Federated to file a response.  Doc. 36.  Thereafter, Warkentin

12  filed his FAC, which seeks damages for breach of contract, breach of the implied covenant of

13  good faith and fair dealing, unfair business practices (Cal. Bus. & Prof. Code §§ 17200, 17500 *et*

14  *seq.*), negligent misrepresentation and fraud.  Doc. 41.  Federated filed an answer to the FAC,

15  along with a counterclaim for rescission and declaratory relief.  Doc.  44.

16  On February 21, 2012, Warkentin filed an answer to Federated's counterclaim.

17  Warkentin also filed the present motion to strike.  Doc. 52.  Warkentin requests an order striking:

18  (1) Federated's Twenty-Third, Twenty-Fourth and Twenty-Fifth affirmative defenses for the

19  equitable remedy of rescission, a declaration that the Policy is void ab initio and rescission of the

20  contract; and (2) Federated's counterclaim for rescission based on material misstatements and

21  concealment and for declaratory relief.

22  Federated filed its opposition to the motion on March 9, 2012.  Warkentin did not file a

23  reply.

24  **DISCUSSION**

25  **A.  Legal Standard**

26  Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading

27  any "insufficient defense" or any material that is "redundant, immaterial, impertinent or

28  scandalous."  Fed. R. Civ. P. 12(f).  "[O]nly pleadings are subject to motions to strike."  *See*

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein*, 697 F.2d at 885.  However, "[m]otions to strike are disfavored and infrequently granted." *Neveau v. City of Fresno,* 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005) (citations omitted).  A motion to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id*. (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).  Indeed, when ruling on a motion to strike, the "court[ ] may not resolve disputed and substantial factual or legal issues . . . ."*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted).

**B.   Analysis**

To support the motion to strike, Warkentin argues that the affirmative defenses and counterclaim for rescission are barred by the applicable statute of limitation, waiver by Federated and the doctrine of laches.  Warkentin's argument not only implicates legal issues regarding the relevant statute of limitation, but also raises fact-based defenses to Federated's amended answer and counterclaim.  These issues are not properly resolved on a motion to strike.  *See Whittlestone*, 618 F.3d at 973.  Indeed, a motion to strike should not be granted unless the court is absolutely convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.  *See Systems Corp. v. AT&T*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973);

Insofar as Warkentin argues that there was no agreement allowing Federated to assert new affirmative defenses and a counterclaim in response to the FAC, his argument lacks merit.  On November 16, 2011, Federated's counsel sent a letter to Warkentin's counsel regarding a stipulation to extend discovery deadlines.  The letter also sought a stipulation allowing Federated to file an amended answer and provided a copy of the proposed amended answer.  The amended answer included a revision to Federated's initial affirmative defense of rescission and three new affirmative defenses related to the equitable remedies of rescission and/or reformation.  Exhibit

...

A 43-66 to Declaration of Sheila Tatayon ("Tatayon Dec."). Warkentin's counsel did not sign the stipulation allowing Federated to file an amended answer.

Subsequently, on December 9, 2011, Warkentin's counsel proposed that the parties stipulate to Warkentin filing a FAC and then Federated filing an amended answer. Exhibit A 28-29 to Tatayon Dec. The parties did not reach an immediate agreement.

On January 3, 2012, Federated's counsel sent a letter to Warkentin's counsel with a proposed stipulation allowing Federated to assert new affirmative defenses in its answer to the FAC. Exhibit A 05-19 of Tatayon Dec. On January 9, 2012, Warkentin's counsel responded and stated:

> Also, I'm sure you[r] client reserves the right to challenge new things that Plaintiff has added to his complaint, just as Plaintiff similarly reserves the right to challenge any new affirmative defense which may have been added to the answer. With this in mind, I respectfully ask that we keep the stipulation simple and straight forward

Exhibit A 02-03 to Tatayon Dec.

Based on the above, Warkentin's counsel clearly understood that Federated reserved the right to challenge new allegations by Warkentin, just as Warkentin reserved the right to challenge any new affirmative defenses. Warkentin also clearly understood that Federated intended to assert new affirmative defenses related to rescission of the Policy. Ultimately, the stipulation to amend merely stated that Federated would file a "response" to the FAC. Doc. 36. In short, there was no agreement precluding Federated from asserting new affirmative defenses or a counterclaim in response to the FAC.

## CONCLUSION

Based on the foregoing, Warkentin's motion to strike portions of Federated's answer to the First Amended Complaint and Federated's counterclaim is DENIED.

IT IS SO ORDERED.

Dated:   **March 23, 2012**              /s/ Dennis L. Beck
                                                          UNITED STATES MAGISTRATE JUDGE