# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN, | 1:10cv0221 DLB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document 45) |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, | |
| Defendant. | |

On February 14, 2012, Defendant Federated Life Insurance Company ("Federated"). The matter was heard on March 23, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Sheila Tatayon appeared on behalf of Federated. David Hollingsworth appeared on behalf of Plaintiff Keith Warkentin ("Warkentin").

## **INTRODUCTION**

Warkentin filed this action on December 22, 2009, in Merced County Superior Court, He claims that Federated unlawfully denied him benefits due to a purported disability resulting from lower back pain pursuant to a disability insurance policy. Federated removed the action to this Court on February 10, 2010, and filed an answer.

On January 12, 2012, the parties filed a stipulation to allow Warkentin to file a First Amended Complaint ("FAC") and to allow Federated to file a response. Doc. 36.

1    On January 18, 2012, Warkentin filed his FAC.  Doc. 39.  He re-filed the FAC on January
2  20, 2012.  Doc. 41.  Federated filed its answer to the FAC, along with a counterclaim, on January
3  31, 2012.  Doc. 44.
4    On February 14, 2012, Federated filed the instant motion for summary judgment,
5  claiming it is entitled to rescind the insurance policy at issue and it is entitled to declaratory
6  relief.  Doc. 45.
7    On March 16, 2012 Federated filed a reply, noting that Warkentin failed to file any
8  opposition to the motion.  Doc. 56.
9    On the eve of hearing, March 22, 2012, at approximately 7:33 p.m., Warkentin filed his
10 purported opposition to Federated's motion for summary judgment.  The opposition was not
11 timely filed pursuant to Federal Rule of Civil Procedure 56 and Rule 230 of the Local Rules of
12 the United States District Court, Eastern District of California.  Given this failure, Warkentin was
13 not entitled to be heard in opposition to the motion at oral argument.  Local Rule 230(c) ("No
14 party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the
15 motion has not been timely filed by that party.").[1]

## FACTS[2]

17   This case concerns a dispute over a disability income insurance policy issued by
18 Federated Life Insurance Company to Plaintiff Keith Warkentin.  The policy at issue is
19 "Disability Income Policy" number 656909 ("Policy") issued September 8, 2005.  Undisputed
20 Material Fact ("UMF") 1.  The entire contract between the parties consists of the Policy, the
21 application of Warkentin for the policy, the policy data page, and any attached riders,
22 amendments, or endorsements.  UMF 2 and 15.

---

[1] In the absence of a timely opposition, the Court reviewed and considered the entire record to determine whether defendant's motion for summary judgment is supported.  Omission of reference to an argument, document, or paper is not to be construed to the effect that the Court did not consider it.  The Court considered and applied the evidence and matters it deemed admissible, material and appropriate for summary judgment.

[2] As Warkentin failed to timely oppose the motion, the Court considers Federated's version of the facts as undisputed for purposes of the motion.  Fed. R. Civ. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion).  The facts are derived from Federated's separate statement of undisputed facts.  Doc. 47.

On June 14, 2005, Warkentin completed and signed a written application ("Application") for the Policy. UMF 3. By signing the Application, Warkentin acknowledged that a telephone interview process had been explained to him, and that he understood Federated would rely on the information obtained in the telephone interview in deciding whether to issue an insurance policy. UMF 5 & 6.

On June 27, 2005, Federated conducted a telephone interview with Warkentin for Part 2 of the Application. Part 2 of the Application contained the questions and the responses of the telephone interview. UMF 7. Question number 2 of Section O, "Health Information," on Part 2 of the Application states: "Have you seen any other doctors, chiropractors, specialists, or therapists in the last 5 years including any medication, treatment or therapy?" The response is "No." UMF 8 and 9.

On September 8, 2005, Warkentin signed the Acknowledgment of Acceptance and Delivery of Policy #6569089 ("Acknowledgment"). By signing the Acknowledgment, Warkentin agreed that he had read and understood Part 2 of the Application and represented it to be true, accurate and complete to the best of his knowledge. UMF 11. Warkentin also agreed that he was not aware of any information, other than what was disclosed, which might affect Federated's willingness to issue the Policy. UMF 13. The Acknowledgment clearly stated that Federated "may be able challenge payment of a claim under the policy if a response to any question misrepresented the truth or was untrue." UMF 14.

During the course of discovery in this action, Federated determined that Warkentin had undergone treatment from chiropractors during the years 2000, 2001, 2003, 2004 and 2005. UMF 19. Warkentin failed to disclose his chiropractic treatments in the Application. UMF 21. Warkentin's response of "No" in his Application to the question "Have you seen any other doctors, chiropractors, specialist, or therapists in the last 5 years . . ." was completely contrary to the testimony of Dr. Tru Chang, a chiropractor who treated Warkentin. UMF 20.

According to Dr. Chang's deposition testimony and the relevant medical records, Warkentin received treatment for shoulder pain, neck pain and recurring back pain. The medical records revealed that Warkentin was seen in the chiropractic office approximately forty (40)

3

times during the period from November 22, 2000 to October 24, 2005.  Exhibit A to Declaration of Daniel P. Costa.

Federated claims that based on Warkentin's misrepresentations of the truth and his failure to fully and accurately describe his chronic back pain in the Application, Federated has the legal right to deny any claims made by Warkentin under the Policy and to contest the Policy.  In relevant part, the Policy states:

> **Contesting Your Policy**
>
> We may not contest this policy after it has been in force for 2 years during your lifetime.  This excludes any fraudulent misrepresentation in your application . . . .
>
> **Pre-existing Condition Limitations**
>
> We won't contest your policy or deny a claim for a disability caused by a disease or physical condition which you fully and accurately described in your application for coverage, unless the condition is excluded from coverage by name or specific description.

UMF 22-23.

## DISCUSSION

**A.  Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The initial burden of showing the absence of material factual issues rests on the proponent of a summary judgment. Once that burden is met, however, the opponent must counter with specific factual allegations revealing a genuine dispute of fact in order to preclude summary disposition. *See Int. Un. of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

B.  **Analysis**

The gravamen of Warkentin's claim is that Federated unlawfully denied him disability benefits for his disabling back pain under the Policy.  Federated seeks summary judgment arguing that it is entitled to rescind the Policy based on Warkentin's fraudulent misrepresentations in his Application for the Policy.

1.  **Right to Rescind**

Absent disputed facts, the court can determine whether Federated is entitled to rescission under the terms of the Policy at issue.  *See Brodkin v. State Farm Fire & Cas. Co.*, 217 Cal.App.3d 210, 216, 265 Cal.Rptr. 710 (1989) (when the underlying facts are undisputed, the interpretation of an insurance policy is a question of law).  Under the Policy terms, Federated has the right to contest the Policy due to fraudulent misrepresentations in the application and if the applicant failed to fully and accurately describe a physical condition.  In this case, Warkentin received ongoing chiropractic treatment from 2001-2005 for continuing and recurring back pain.  UMF 19.  Warkentin failed to disclose those treatments and failed to disclose his condition of recurring back pain.  UMF 20 and 21.  Based on these failures, Federated was entitled to rescind the Policy.

Further, pursuant to California law, misstatements or concealment of any material facts in an application for insurance, even if unintentional, entitle the insurer to rescind the insurance policy. *See LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.,* 156 Cal.App.4th 1259, 1266-67 (2007) ("When a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy. . . rendering the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable.") (internal citations and quotations omitted);  Cal. Ins. Code § 331 (Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance).  Warkentin's affirmance that he had not seen any chiropractors and his failure to describe his back condition were misrepresentations and concealment of facts in his Application.  Facts concerning Warkentin's back pain and treatments are material given that his claim for disability insurance is premised on his assertions of severe back pain.

1  Warkentin is not entitled to be heard on this issue because of his untimely opposition.
2  However, even if the Court considers Warkentin's opposition, he has failed to assert any
3  arguments to defeat summary judgment and has failed to raise a genuine dispute of fact.
4  To the extent Warkentin claimed that rescission was barred by the applicable statute of
5  limitations, his argument was unsupported. Warkentin asserted that pursuant to California Code
6  of Civil Procedure § 337, the applicable statute of limitations for rescission of a contract based
7  on fraudulent misrepresentations is four years, which begins to run when "the representation
8  becomes false." Cal. Civ. Proc. § 337(3) ("Where the ground for rescission is misrepresentation
9  under Section 359 of the Insurance Code, the time does not begin to run until the representation
10 becomes false."). However, Warkentin provided no legal support demonstrating that this is the
11 relevant statute of limitation[3] or, more importantly, that the statute of limitation applies to
12 Federated's counterclaim and affirmative defenses. *See, e.g., Styne v. Stevens*, 26 Cal.4th 42, 51-
13 52, 109 Cal.Rptr.2d 14, 26 P.3d 343 (Cal. 2001) ("a defense may be raised at any time, even if
14 the matter would be barred by a statute of limitations if asserted as the basis for affirmative
15 relief" and "One sued on a contract may urge defense that render the contract unenforceable,
16 even if the same matters, alleged as grounds for restitution after rescission, would be untimely.");
17 *see also Pringle v. Water Quality Ins. Syndicate,* 646 F.Supp.2d 1161 (C.D. Cal. 2009)
18 (counterclaim).
19  Warkentin also relied on California Insurance Code § 650 and *Resure, Inc. v. Superior
20 Court,* 42 Cal.App.4th 156, 161, 49 Cal.Rptr.2d 354 (1996) to support the proposition that
21 Federated was not entitled to file an action for rescission once Warkentin commenced his action
22 to enforce the contract. Warkentin misapplies *Resure* and its guidance on section 650. *Resure*
23 does not hold that an insurance company may not counterclaim for rescission, which is the case
24 here. Indeed, the *Resure* court expressly stated, "[e]stablished law clearly affords the insurer the
25 right to avoid coverage by way of cross-claims and affirmative defenses when the insured files an

---

[3] Warkentin did not address or consider the provision of Cal. Civ. Proc. § 337(3), which provides: "Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting fraud or mistake."

6

action on the contract before the insurer can file its action for rescission." *Resure*, 42 Cal.App.4th at 163; *see also Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 416 F.Supp.2d 802 (N.D. Cal. 2006) (discusing *Resure* and holding that "although a[n] insurer is precluded from unilaterally rescinding once an insured has filed suit, the insurer may raise 'the same issues' by asserting rescission as an affirmative defense and counterclaim.").

Warkentin attempted to raise a factual dispute by arguing (1) there was no evidence of the telephone interview, the questions asked or the responses provided by Warkentin and (2) he mistakenly failed to read the Policy thoroughly and correct the misstatement. However, California law provides that the insured has a duty to read the policy and cannot complain about its terms because he or she did not read it or know its terms. *See, e.g., Malcom v. Farmers New World Life Ins. Co.,* 4 Cal.App.4th 296, 304 n. 6 (1992); *Hackethal v. National Casualty Co.*, 189 Cal.App.3d 1102, 1112 (1987) (receipt of policy and acceptance by the insured without objection binds the insured and he cannot thereafter complain that he did not read it or know its terms). In this case, there is no dispute that Warkentin signed the Acknowledgment, and agreed to the following: (1) the terms and conditions of the contract; (2) that he read and understood Part 2 of the Application; and (3) that he represented Part 2 of the Application to be true, accurate, current and complete as of the date he signed, September 8, 2005. UMF 10 and 11. There also is no dispute that Warkentin underwent chiropractic treatment from 2001-2005 for a continuing lower back condition, which he failed to disclose. UMF 19.

To the extent that Warkentin claimed that Federated was put "on inquiry notice" in October 2006 regarding his chiropractic care and thus it would be unfair to allow rescission, this argument was unpersuasive and failed to raise a genuine dispute of material fact. In relevant part, Warkentin asserted that he brought the issue of chiropractic care to the attention of Jesus Medina, a marketing agent for Federated, in October 2006. A review of the deposition testimony reveals that Warkentin reported chiropractic care, described as "routine type stuff," for his shoulder. Ex. 1 to Declaration of David C. Hollingsworth, Deposition of Keith Warkentin, pp. 149:22-150:4. Warkentin never mentioned that he received chiropractic care for his lower back, much less for reoccurring back pain. In short, Warkentin continued to omit information

7

regarding the care and treatment he received for his back, which is the basis of Federated's rescission claim.

For these reasons, Federated's motion for summary judgment on its claim for rescission is GRANTED. As Federated is entitled to rescission of the Policy underlying this dispute, Warkentin's causes of action in the FAC fail as a matter of law.

2. <u>Declaratory Relief</u>

Federated seeks a declaration as a matter of law that:

1. FEDERATED is entitled to rescind Policy #656909 under the terms of the Policy, and pursuant to California Insurance Code Sections 10350.2 and Sections 330 through 361;

2. In rescinding Policy #656909, FEDERATED shall return the premiums paid by WARKENTIN, the amount of which, shall be offset by the disability benefits that FEDERATED already paid to WARKENTIN under the Policy. *See Williamson & Vollmer Engineering, Inc. v. Sequoia Ins. Co.*, 64 Cal.App.3d 261, 275 (1976); California Civil Code Sections 1688 and 1692; and

3. Disability Income Policy #656909 is void ab initio.

Federated asserts that when an insurer properly exercises its right to rescind, the Policy is extinguished ab initio, as if it had never existed. *See* Cal. Ins. Code § 359 ("If a representation is false in a material point . . . the injured party is entitled to rescind the contract from the time the representation becomes false."); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 182 (1988) (rescission effectively renders the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable). Given the Court's determination that Federated is entitled to rescission, Federated's request for declaratory relief is GRANTED.

///
///
///
///
///

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS Federated's motion for summary judgment; and
2. DIRECTS the clerk to enter judgment in favor of defendant Federated and against plaintiff Warkentin and to close this action.

IT IS SO ORDERED.

  **Dated:**   **March 27, 2012**                                  /s/ **Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE