UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN, <br><br> Plaintiff, <br><br> v. <br><br> FEDERATED LIFE INSURANCE COMPANY, <br><br> Defendant. | 1:10cv0221 DLB <br><br> ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION ON COURT'S ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION ON THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT <br><br> (Document 70) |

Plaintiff Keith Warkentin ("Plaintiff") filed the instant motion for (1) clarification of the Court's orders denying Plaintiff's motion to strike and granting Defendant Federated Life Insurance Company's motion for summary judgment; and (2) reconsideration on the Court's order granting Defendant Federated Life Insurance Company's motion for summary judgment and judgment. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 25, 2012.

**PROCEDURAL BACKGROUND**

Plaintiff Keith Warkentin ("Plaintiff") filed this action on December 22, 2009, in Merced County Superior Court claiming that Defendant Federated Life Insurance Company ("Federated") unreasonably denied him benefits under two disability insurance policies.

Federated removed the action to this Court on February 10, 2010, and filed an answer.

On January 18, 2012, pursuant to a stipulation by the parties, Plaintiff filed a First Amended Complaint ("FAC") regarding denial of benefits under a single disability income insurance policy issued by Federated on September 8, 2005. Federated filed an answer to the FAC, along with a counterclaim, on January 31, 2012.

On February 14, 2012, Federated filed a motion for summary judgment.

On February 21, 2012, Plaintiff filed an answer to the counterclaim, along with a motion to strike certain affirmative defenses and the counterclaim.

On March 16, 2012, Federated filed a reply to its motion for summary judgment. Federated pointed out that Plaintiff had failed to file any opposition to the motion. Doc. 56.

On March 22, 2012, at approximately 7:33 p.m., on the eve before the summary judgment motion hearing, Plaintiff filed his purported opposition. Docs. 57-59. The opposition was not timely pursuant to Federal Rule of Civil Procedure 56 and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Given this failure, Plaintiff was not entitled to be heard in opposition to the motion at oral argument. Local Rule 230(c).

On March 23, 2012, the Court held a hearing on Federated's motion for summary judgment and Plaintiff's motion to strike affirmative defenses and counterclaim. Counsel for both parties appeared at the hearing and participated in oral argument.

On March 26, 2012, the Court denied Plaintiff's motion to strike Federated's affirmative defenses and counterclaim.

On March 28, 2012, the Court granted Federated's Motion for Summary Judgment, and the Clerk of the Court entered judgment for Federated.

On April 11, 2012, Plaintiff filed the instant motion for clarification of the Court's orders and reconsideration of the Court's order granting summary judgment. Federated opposed the motion on April 16, 2012. Plaintiff filed an untimely reply on May 23, 2012.[1] Local Rule

---

[1] Reply briefs must be filed not less than seven (7) days preceding the date of the hearing. Local Rule 230(d). Plaintiff filed his reply two (2) days before the scheduled hearing date and one (1) day after the Court took the matter under submission. Plaintiff's reply is untimely and is DISREGARDED. Following counsel's repeated failures to file timely briefs, the Court admonishes counsel that he should apprise himself of, and comply with, the

2

230(d).

## DISCUSSION

### I. MOTION FOR CLARIFICATION

Plaintiff moves the Court for clarification of its order denying Plaintiff's motion to strike and granting Federated's motion for summary judgment. Plaintiff's request for clarification is styled as a series of interrogatories for the Court to answer and to provide an explanation. For example, the request states:

> 1. In the Court's Order granting Defendant's Motion for Summary Judgment, the court stated, "the parties filed a stipulation to allow Warkentin to file a First Amended Complaint ("FAC") and to allow Federated to file a response" (1:26-27). In granting the Defendant's Motion for Summary Judgment, was it necessary for the court to find that Plaintiff's attorney's stipulation allowed Defendant to file a counterclaim?
>
> ____YES ____NO. Court's comments:
> _____

Doc. 71, p. 2. Rather than a clarification, Plaintiff essentially asks the Court for reconsideration of its analysis. Thus, the request for clarification will be denied.

### II. MOTION FOR RECONSIDERATION

#### A. Legal Standard

A motion for reconsideration filed within 28 days of a judgment is treated as a Rule 59(e) motion to alter or to amend the judgment. Fed. R. Civ. P. 59(e). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment is "an extraordinary remedy which should be used sparingly." Id.; see also Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of

---

deadlines set forth in the Federal Rules of Civil Procedure and this Court's Local Rules

judicial resources;" reconsideration "should not be granted, absent highly unusual circumstances"). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, 229 F.3d at 890 (emphasis in original).

Plaintiff seeks reconsideration pursuant to Local Rule 230. In relevant part, Local Rule 230 provides as follows:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j).[2]

B. Analysis

Plaintiff argues that reconsideration is appropriate because (1) facts or circumstances exist that are different from Federated's representations to the Court and (2) a misapplication of the law unknown to Plaintiff's attorney at the time of the summary judgment hearing.

1. Different Facts or Circumstances

Plaintiff contends that new facts or circumstances exist based on alleged misrepresentations to the Court by Federated in its briefing on the motion to strike and in its statement of undisputed facts in support of the motion for summary judgment. As a general

---

[2]Federated contends that the motion for reconsideration is untimely pursuant to Rule 303 of the Local Rules of the United States District Court, Eastern District of California. Local Rule 303 provides that rulings by Magistrate Judges are final if no reconsideration is sought within fourteen (14) days. Local Rule 303(b). Federated argues that Plaintiff failed to seek reconsideration within the fourteen (14) day time limit. However, Rule 303 does not apply to reconsideration of a Magistrate Judge's ruling where, as here, the parties have consented to have the Magistrate Judge conduct all proceedings, including trial and entry of final judgment. Thus, Plaintiff's motion for reconsideration is not untimely.

matter, these alleged misrepresentations are not "new or different facts or circumstances," which did not exist at the time of the motion to strike or the motion for summary judgment. Local Rule 230(j). Indeed, Plaintiff had the opportunity to oppose Federated's representations either in his briefing on the relevant motions or during oral argument. Plaintiff's failure to file a reply in support of the motion to strike refining his arguments and his failure to file a timely opposition to the motion for summary judgment are not new or different circumstances which did not exist or were not shown at the time of the motion warranting reconsideration of the Court's decision.

As to the two specific representations at issue, Plaintiff first contends that Federated "has perpetrated fraud" on the Court by "representing to the Court that there was a stipulation from Plaintiff's attorney regarding filing a counterclaim." Doc. 71, p. 6. Plaintiff previously argued this exact point in his motion to strike Federated's affirmative defenses and counterclaim. See Doc. 52, pp. 7-8. Thus, the alleged misrepresentation regarding the terms of the stipulation is not a new or different fact or circumstance to support reconsideration. See, e.g., Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (reconsideration motion is properly denied where it merely presents arguments previously raised in the prior motion or opposition); Lopes v. Vieria, 2011 WL 3568600, *2 (E.D. Cal. Aug. 12, 2011).

Plaintiff attempts to offer evidence of Federated's alleged misrepresentations by citing the declaration of Federated's counsel in support of the opposition to the motion to strike and counsel's statements made during oral argument. The Court has reviewed the relevant declaration and supporting documents and finds no evidence of any misrepresentation. Doc. 55. More importantly, the Court's ruling on the motion to strike did not rely on evidence of a stipulation to file a counterclaim. Rather, the Court found that "there was no agreement precluding Federated from asserting new affirmative defenses or a counterclaim." Doc. 60, p. 4. In other words, Plaintiff failed to pursue a stipulation that in any way limited Federated's response to the FAC.

As to the second representation at issue, Plaintiff contends that Federated misrepresented a material fact in support of the motion for summary judgment; that is, Plaintiff believes Federated's representation that it determined Plaintiff had undergone chiropractic treatment

during the course of discovery in this action is "clearly false." Doc. 71, p. 9; Doc. 46, pp. 4-5; Doc. 47, Federated's Undisputed Material Fact No. 19. Plaintiff's challenge is a clear attempt to re-litigate the issue of whether Federated is entitled to the rescind the disability insurance policy at issue. Plaintiff has had two previous opportunities to persuade the Court that rescission is unavailable: (1) Plaintiff's motion to strike and (2) Plaintiff's opposition to the motion for summary judgment. Plaintiff also had the opportunity to dispute Federated's separate statement of undisputed material facts. Although Plaintiff was not entitled to be heard at oral argument because of his untimely opposition to summary judgment, the Court allowed his counsel to present opposing argument. The Court also considered Plaintiff's untimely opposition, but found that he had failed to assert any arguments to defeat summary judgment or to raise a genuine dispute of fact. Doc. 62, pp. 5-6.

Plaintiff again attempts to create an issue of fact by contending that Federated's counsel knew of his chiropractic visits in February or March 2008 because they had all of Dr. Chang's records. Doc. 71, p. 10. Federated does not dispute that it received the documents, but explains that

> [i]t was not until attorney, Daniel P. Costa, took the Deposition of Chiropractor Dr. Tru Chang on December 13, 2011, that FEDERATED confirmed and verified that the 40 or so chiropractic visits WARKENTIN made to Dr. Chang's office were related to the back condition that WARKENTIN failed to fully and accurately describe in his Application, and not just "routine type stuff" as he testified during his deposition, on September 2, 2011.

Doc. 73, p. 10. Federated relied on the deposition of Dr. Tru Chang in support of its undisputed facts and motion for summary judgment, which Plaintiff did not effectively or persuasively challenge. As such, no new or different facts exist to warrant reconsideration.

2. Misapplication of the Law

Plaintiff does not elaborate on his argument that reconsideration is appropriate because of a misapplication of the law unknown to Plaintiff's attorney at the time of the summary judgment hearing. Presumably, Plaintiff is referencing his counsel's failure to apprise himself of the relevant deadlines to file an opposition to Federated's summary judgment motion.

Plaintiff's counsel reportedly filed an untimely opposition because the dates his staff

6

researched on www.JuriSearch.com did not include the current version of Federal Rule of Civil Procedure 56. Plaintiff's counsel did not discover that Federal Rule of Civil Procedure 56 had been amended in 2010 and that the Court's Local Rules governed the due date for his opposition until Federated filed its reply on March 16, 2012.  Doc. 59, p. 2, ¶¶ 5-8 (Declaration of David C. Hollingsworth).

Counsel's failure to apprise himself of the relevant deadlines established by the Federal Rules of Civil Procedure and this Court's Local Rules is not an adequate basis for reconsideration.  First, Plaintiff's counsel does not explain the additional delay between Federated's reply on March 16, 2012, and the filing of his opposition brief on March 22, 2012.  Second, Plaintiff did not suffer any prejudice resulting from the untimely brief.  The Court allowed Plaintiff's counsel to participate in oral argument on the motion for summary judgment.  The Court also considered the untimely opposition in ruling on the merits of Federated's summary judgment motion.  Third, and finally, Plaintiff provides no authority for the proposition that reconsideration is warranted based on his counsel's lack of knowledge or the untimely filing.

### 3. Additional Arguments

Plaintiff forwards two additional arguments for reconsideration (1) that Federated's rescission action is barred by the statute of limitations; and (2) that Federated cannot rescind the policy on the basis of a pre-existing condition.  Plaintiff's arguments do not warrant reconsideration.  The Court clearly addressed Plaintiff's argument that rescission was barred by the statute of limitations in its March 28, 2012 order.  Doc. 62, pp. 5-8.  Plaintiff has provided no basis for this Court to reconsider any argument regarding the statute of limitations.  Furthermore, Plaintiff's efforts to add a new argument, namely that Federated was precluded from rescinding the policy on the basis of a pre-existing condition does not warrant reconsideration.  Plaintiff does not explain why he could not (and did not) raise this issue at the time of the motion for summary judgment.

///

///

///

### **CONCLUSION**

For the reasons discussed above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for clarification is DENIED; and

2. Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **June 8, 2012**　　　　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE