# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>FEDERATED LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 1:10cv0221 DLB<br><br>ORDER RE:  OBJECTIONS TO BILL OF COSTS |

This matter comes before the Court on Defendant Federated Life Insurance Company's bill of costs and Plaintiff Keith Warkentin's objections to such costs.  Although the Clerk of the Court typically taxes and enters costs, due to the nature of the objections in this case, the Court hereby issues an order addressing the bill of costs and objections.

For the reasons discussed below, the Court GRANTS Defendant Federated's bill of costs in the amount of $2,902.29.

## **BACKGROUND**

Plaintiff Keith Warkentin ("Warkentin") initiated this action on December 22, 2009, in Merced County Superior Court.  Defendant Federated Life Insurance Company ("Federated") removed the action to this Court on February 10, 2010.

On March 28, 2012, the Court granted Federated's motion for summary judgment and the Clerk entered judgment against Warkentin. Warkentin has appealed that judgment to the Ninth Circuit Court of Appeals.

On April 10, 2012, Federated filed a bill of costs requesting a total of $52,074.20. Warkentin filed objections and supplemental objections, contending *inter alia*, that costs should not be awarded because he is financially unable to pay and he has limited financial resources. Docs. 76 and 93. Given Warkentin's contention, the Court ordered Warkentin to submit additional information regarding his financial resources, including a declaration signed under penalty of perjury.

On August 13, 2012, Warkentin filed a declaration and exhibits regarding his financial resources. Federated filed a reply to the declaration on August 21, 2012.

## **DISCUSSION**

A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party.

The types of costs awarded under this rule are limited to those set forth in 28 U.S.C. § 1920, including fees of the clerk and marshal, fees for printed or electronically recorded transcripts, and fees and disbursements for printing, copying and witnesses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); 28 U.S.C. § 1920.

Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests the district court with discretion to refuse to award costs. *See Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). However, this "discretion is

not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* The specified reasons must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593.

Although not exhaustive, the Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) whether the issues in the case were close and difficult; (4) whether the prevailing party's recovery was nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the case presented issues of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010); *Ass'n of Mexican-American Educators*, 231 F.3d at 593.

In this case, Warkentin argues that the Court should deny all costs because (1) he is financially unable to pay and (2) Federated delayed in bringing its action for rescission resulting in excessive and unreasonable costs. Warkentin also argues that Federated should not be awarded costs for its depositions, copying of materials and "other" costs.

B. Analysis

1. Warkentin's Limited Financial Resources

In deciding whether to award costs, a district court should consider the plaintiff's financial resources. *Ass'n of Mexican-American Educators*, 231 F.3d at 592. It is not necessary for the court to find that the plaintiff is indigent; rather, the proper inquiry is whether an award of costs might make him so. *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).

Here, Warkentin claims that he is financially unable to pay the costs because he is unable to work as a result of his disability and his wife is the sole wage earner. In his supplemental objections, Warkentin states that a cost award will represent "a heavy financial burden" on him, and "a mere 'drop in the bucket' for Federated." Supp. Obj. p. 2.

According to his declaration and supporting exhibits, Warkentin reports that (1) he has not received any income from his business, Certified Automotive of Atwater, Inc. since October 2008; (2) he has not received state disability since early 2009; (3) his wife began working for the California Department of Fish and Game on April 1, 2010, earning $1,638.45 per month; (4) his daughter and son-in-law live in his household and occasionally contribute to household food; (5) his adjusted gross income in 2011 totaled $18,871; (6) he is more than $500 delinquent on his taxes for water access with Merced Irrigation District; (7) he is more than $8,000 dollars behind in taxes on a parcel of land in Mariposa County; (8) his house is "upside down" and is valued at approximately $267,000 and has roughly $340,000 owed against it; (9) his monthly mortgage payment is $1,023, 28 and was scheduled to increase to $1,110.15 on September 1, 2012; (10) he owns a few small trailers and non-operable vehicles, along with a 1996 Geo Metro, 2004 Honda Goldwing, and 1997 Dodge Caravan; and (11) his business, Certified Automotive of Atwater, Inc. is "currently upside down," and he values its assets at approximately $45,000, and its liability at approximately $105,000. Declaration of Keith Warkentin ("Warkentin Dec.") ¶¶ 5-18 and Exhibits.

Federated disputes that Warkentin's financial resources are so limited and provides some support with its identification of unsupported assertions in Warkentin's declaration and the absence of certain financial information. Notably absent from Warkentin's declaration and exhibits are documents to support his claim regarding business income from Certified

Automotive of Atwater, Inc.  Warkentin declares that he has not received any income from the business, the business is upside down and he values its assets at $45,000 and its liabilities as $105,000.  Warkentin has not included any corporate tax returns, balance sheets or payroll records and has not included information regarding whether he owns or leases the land, building or equipment used by the business.  Additionally, Warkentin omits any documents detailing the land he owns in Mariposa County or an appraisal of that land.  He also does not provide evidence regarding his personal residence, such as the balance owed on his mortgage, the purchase price or even a valid appraisal.  Further, Warkentin omits any detailed information regarding his personal property, such as a list of assets and their respective values.

   Warkentin has not demonstrated that he is incapable of paying Federated's limited amount of costs in the future.  Warkentin's statements and documents regarding his limited financial resources are not sufficient to overcome the presumption under Rule 54(d)(1).

   2. Federated's Delay

   Warkentin complains that Federated did not promptly bring its action to rescind the policy "upon the first discovery of the facts that led to the rescission of [the] policy."  Obj. p. 2. Warkentin believes that if Federated had done so, then Warkentin would not have incurred the excessive and unreasonable costs of litigation.  This argument suggests misconduct on the part of Federated in not seeking rescission at the outset of this case.  However, Federated has represented that it discovered the basis for rescission during discovery in this case.  There has been no contrary finding by this Court to suggest unreasonable delay by Federated.

3. Specific Objections

   a. Depositions

Federated seeks $6,792.95 for deposition transcripts and videography, along with $2,093.29 in witness fees. Doc. 64.

Warkentin specifically objects to the recovery of costs for the following deposition transcripts: (1) Keith Warkentin; (2) Jim Anderson, M.D.; (3) Joerg Schuller, M.D.; (4) Jesus Medina; (5) Carl Smith; (6) Raymond Black; and (7) Jason Mosiman. Warkentin also objects to the recovery of costs for the videographer for Keith Warkentin's deposition and the witness fees for Dr. Tru Chang, Dr. Joerg Schuller, Cindy Bueno, Carl Smith, Ray Black, Jesus Medina and Jason Mosiman.

In his supplemental objections, Warkentin correctly notes that Federated has not filed any receipts or other documentation evidencing the $6,792.95 in costs for the videographer and the deposition transcripts. Accordingly, the Court sustains Warkentin's objection and disallows the $6,792.95 in costs for transcripts and videography.

However, the Court overrules Warkentin's objections regarding the $2,093.29 in witness fees incurred in the course of this litigation. Federated has submitted evidence of the relevant fees and costs.

   b. Document Copying

Federated seeks recovery of costs for document copying in the amount of $716.30. Warkentin objects that this copy service was unnecessary because Federated had the right to seek this information in the course of its mandatory duty to investigate claims under the Insurance

Code and state law.  Warkentin also argues that this information was not used or necessary for Federated's rescission action.

Photocopying is a taxable cost pursuant to § 1920(4). *See EEOC v. W & O, Inc.*, 213 F.3d 600, 622 (11th Cir. 20*00) (§ 1920(4)* permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case"); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir.2002) (copying and exemplification costs are allowed only when necessary to a party's case). "[ I] n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC, 213 F.3d* at 623.

Based on the information presented, the Court concludes that Federated is entitled to recover its copying costs.  There is no indication that the copies were not necessary in this case.

    c.  Legal Consultants

Federated requests costs for Swiggum Med-Legal Consultants in the amount of $1,155.00 for record review and chronology.  These costs fall outside of the categories enumerated in 28 U.S.C. § 1920 and are therefore not allowable.

    d.  Surveillance

Federated seeks to recover costs for surveillance of Warkentin by Claims Bureau USA in the amount of $10,947.13.  As with the legal consultants, this is not one of the costs permitted under 28 U.S.C. § 1920.  This amount is disallowed.

e. Expert Fees

Federated seeks recovery of expert fees for (1) attorney Robert DiLiso in the amount of $10,192.00; and (2) Dr. Jim Anderson in the amount of $18,475.00.  Expert fees are generally not recoverable costs and are therefore not allowed.  28 U.S.C. § 1920.

f. Deposition Fees

Federated seeks to recover for attorney travel expenses, including airfare, hotel and rental care expenses, which total $1,609.83.  The travel expenses of attorneys are not recoverable under § 1920 and are not allowed.

g. Transcript Costs – Hearing

Federated requests $92.70 for the transcript of the January 6, 2012 hearing before this court.  Section 1920(2) provides for the taxation of the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  As Warkentin has not objected to the transcript costs, this amount will be allowed.

## CONCLUSION AND ORDER

For the reasons detailed above, Warkentin's objections to Federated's bill of costs are SUSTAINED IN PART and OVERRULED IN PART.  Federated's bill of costs is GRANTED in the amount of $ 2,902.29.

IT IS SO ORDERED.

Dated:   **September 6, 2012**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE