# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KEITH WARKENTIN, | Case No. 1:10-cv-00221-SAB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, | ECF NO. 105 |
| Defendant. | |
| AND RELATED COUNTER CLAIMS | |

On January 25, 2013, Plaintiff/Counter-Defendant Keith Warkentin ("Plaintiff") filed a motion for reconsideration of this Court's March 28, 2012 order granting Defendant/Counter-Claimant Federated Life Insurance Company's ("Defendant") motion for summary judgment and seeks an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.[1]  (ECF No. 105.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing on April 17, 2013 will be vacated and the parties will not be required to appear at that time.  For the reasons

---

[1] Federal Rule of Civil Procedure 62.1(a) states that the Court may (1) defer considering a motion, (2) deny a motion or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

1

set forth below, Plaintiff's motion for reconsideration is denied.

# I.

## PROCEDURAL BACKGROUND

This action was removed from the Superior Court of the State of California for the County of Merced on February 10, 2010. (ECF No. 1.) Plaintiff's complaint alleged that Plaintiff held two disability income insurance policies with Defendant and Defendant wrongfully denied coverage and benefits under those policies. On December 23, 2010, Defendant filed its answer to Plaintiff's complaint. (ECF No. 7.)

On January 12, 2012, Plaintiff and Defendant entered into a stipulation whereby Plaintiff would be permitted to file a First Amended Complaint. (ECF No. 36.) On January 18, 2012, Plaintiff filed his First Amended Complaint. (ECF No. 39.) On January 31, 2012, Defendant filed its answer to the First Amended Complaint and asserted, for the first time, counter claims for rescission of the insurance agreements and for declaratory relief. (ECF No. 44.)

On February 14, 2012, Defendant filed a motion for summary judgment. (ECF No. 45.) Defendant argued that it was entitled to rescind the insurance policies because Plaintiff made a material misrepresentation in his policy application by indicating that he had not seen a chiropractor within the past five years when in fact he had.

On Marcy 16, 2012, Defendant filed a reply which noted that Plaintiff had not yet filed an opposition to the motion for summary judgment. (ECF No. 56.) Six days later, on March 22, 2012, Plaintiff filed his opposition. (ECF No. 57.) Plaintiff argued that Defendant's right to rescind the policy agreement was barred by the statute of limitations, that Defendant had no right to file an action for rescission after Plaintiff filed an action to enforce the contract, that Plaintiff did not make a fraudulent misrepresentation warranting rescission, that Defendant's right to rescind is barred by the doctrine of laches, and that Plaintiff's failure to read the application was a negligent misrepresentation at most.

On March 28, 2012, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant and against Plaintiff. In the order granting Defendant's motion, the Court noted the untimeliness of Plaintiff's opposition and stated that it "reviewed and

considered the entire record" and "considered and applied the evidence and matters it deemed admissible, material and appropriate for summary judgment." (Order Granting Def.'s Mot. for Summ. J. 2 n.1.) The Court treated Defendant's version of the facts as undisputed for purposes of adjudicating the motion for summary judgment. (Order Granting Def.'s Mot. for Summ. J. 2 n.2.)

Although untimely, the Court addressed the legal arguments raised in Plaintiff's opposition. (Order Granting Def.'s Mot. for Summ. J. 6:1-3.) With respect to Plaintiff's statute of limitations argument, the Court noted that an affirmative defense may be raised even if it is based upon a legal theory that would be barred by the statute of limitations if it were raised as an independent claim. (Order Granting Def.'s Mot. for Summ. J. 6:10-18.) The Court rejected Plaintiff's argument that Defendant was barred from asserting a rescission claim because it was raised after Plaintiff filed his lawsuit. (Order Granting Def.'s Mot. for Summ. J. 6:19-7:5.) The Court further rejected Plaintiff's attempt to create a factual dispute with respect to whether his misrepresentations were fraudulent or intentional and rejecting Plaintiff's latches argument. (Order Granting Def.'s Mot. for Summ. J. 7:6-8:2.)

On April 11, 2012, Plaintiff filed its first motion for reconsideration. (ECF No. 70.) Plaintiff sought reconsideration of the Court's order granting Defendant's motion for summary judgment. Plaintiff argued that reconsideration was warranted because "[f]acts or circumstances exist that are different than Defendant's representation to the Court" and the Court's "[m]isapplication of law unknown to Plaintiff's attorney at the time the Court heard Defendant's motion that is material to the Court's decision on the motion." (Pl.'s P. & A. in Supp. of Pl.'s Mot. for Recon. of Summ. J. 4:18-5:2.)

On June 11, 2012, the Court denied Plaintiff's first motion for reconsideration. (ECF No. 80.) The Court found that Plaintiff failed to present any new or different facts or circumstances warranting reconsideration.

On June 25, 2012, Plaintiff filed his second motion for reconsideration. (ECF No. 80.) Plaintiff sought review of the Court's orders, issued by a United State Magistrate Judge, by a district judge pursuant to Federal Rule of Civil Procedure 72. On June 27, 2012, the Court struck Plaintiff's second motion for reconsideration from the record, noting that the parties had

consented to the jurisdiction of a magistrate judge for all purposes and therefore Rule 72 did not apply. (ECF No. 85.)

On July 2, 2012, Plaintiff filed a notice of appeal. (ECF No. 86.) On January 25, 2013, Plaintiff filed the present motion for reconsideration and for an indicative ruling. (ECF No. 105.) Defendant filed its opposition on April 3, 2013. (ECF No. 110.)

## II.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff's January 25, 2013 motion requests reconsideration of the Court's March 28, 2012 order granting Defendant's motion for summary judgment. (Pl. Keith Warkentin's Not. of Mot. and Mot. for Indic. Ruling and Recon. 1:2-6.) Plaintiff argues that reconsideration is warranted because, to the extent that the Court's order was based upon Plaintiff's failure to file a timely opposition, such failure constituted excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b)(1) and an "other reason ... justifies relief" under Rule 60(b)(6). (Pl. Keith Warkentin's Mem. of P. & A. in Supp. of Mot. for Indic. Ruling and Recon. ("Pl.'s MPA") 1:7-18.) Plaintiff also argues that the Court made four errors in granting Defendant's motion for summary judgment: 1) failing to find that Defendant did not carry its initial burden on summary judgment, 2) failing to apply the correct standard for rescission under the policy, 3) failing to find that Defendant waived the defense of fraud, 4) failing to apply the correct standard for summary judgment. (Pl.'s MPA 8:12-17.)

## III.

## LEGAL STANDARDS FOR MOTIONS FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

> (b)    Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> ...
> (6)    any other reason that justifies relief.

A motion for reconsideration is not the proper mechanism to raise arguments that could reasonably have been presented earlier in litigation. Carroll v. Nakatani, 342 F.3d 934, 945 (9th

Cir. 2003); O'Neal v. SmithKline Beecham Corp., No. CIV S-06-1063 FCD/DAD, 2008 WL 1721891, at *2 (E.D. Cal. Apr. 10, 2008) ("party may not use a motion for reconsideration to present new arguments or claims not raised in the summary judgment motion"); Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawai'i 2003).

Requests for reconsideration are also governed by Local Rule 230(j). Local Rule 230(j) states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1)    when and to what Judge or Magistrate Judge the prior motion was made;
> (2)    what ruling, decision, or order was made thereon;
> (3)    what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4)    why the facts or circumstances were not shown at the time of the prior motion.

## IV.

## DISCUSSION

For the reason set forth below, the Court finds that Plaintiff has failed to demonstrate grounds for reconsideration.

### A.    Plaintiff's Multiple Motions for Reconsideration

As an initial matter, Defendant correctly notes that this is Plaintiff's third attempt to seek reconsideration of the Court's order granting Defendant's motion for summary judgment. Plaintiff makes no effort to explain why the grounds raised in the present motion for reconsideration were not raised in the first motion for reconsideration.

Federal Rule of Civil Procedure 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In this case, the currently pending motion for reconsideration was filed nearly ten months after judgment was entered.

///

5

Although Rule 60(c)(1) establishes an outer limit of one year, "[w]hat constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). In this case, the Court finds that Plaintiff's current motion was not filed within a "reasonable time," as required by Rule 60(c)(1). The fact that this is Plaintiff's third motion for reconsideration in the ten month time period after entry of judgment reinforces the Court's finding, particularly in light of Plaintiff's failure to explain why the arguments raised in the present motion were not raised in the prior motions. Plaintiff offers no reason for the ten month delay or for the multiple, successive motions. Plaintiff's decision to file multiple motions for reconsideration on the same issue substantially prejudiced Defendant as it forced Defendant to file oppositions on two separate occasions.[2] The Court will deny Plaintiff's current motion for reconsideration as untimely.

### B.    Plaintiff Failed to Identify Grounds for Reconsideration

The Court also finds that Plaintiff failed to demonstrate any grounds warranting reconsideration. Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's motion provides only a cursory attempt to establish excusable neglect. Plaintiff contends that "Mr. Hollingsworth's declaration regarding why the opposition was late shows excusable neglect." (Pl.'s MPA 13:15-16.)

Plaintiff's motion fails because the untimeliness of Plaintiff's opposition to Defendant's motion for summary judgment is immaterial because the Court read and considered Plaintiff's opposition. This is readily apparent by the Court's discussion of the arguments raised by Plaintiff in its order granting the motion for summary judgment. (Order Granting Def.'s Mot. for Summ. J. 6:1-8:2.) Accordingly, any "excusable neglect" associated with the untimely filing of the opposition is immaterial to whether the Court should reconsider its order granting summary judgment.

---

[2] Plaintiff's second motion for reconsideration was stricken by the Court before Defendant filed an opposition. (ECF No. 85.)

To the extent that Plaintiff's motion for reconsideration pursuant to Rule 60(b)(1) is premised upon the Court's "mistake" or legal error, Plaintiff's motion must fail because a motion for reconsideration based upon the Court's mistake or error must be made prior to the expiration of the time to file an appeal. Phonometrics, Inc. v. Hospitality Franchise System, Inc., 126 Fed. Appx. 793, 794 (9th Cir. 2005); Gila River Ranch, Inc. v. United States, 368 F.2d 354, 357 (9th Cir. 1966); Chandler v. Wilson, No. CIVS051654WBSPAN, 2006 WL 133417, at *3 (E.D. Cal. Jan. 17, 2006). Since Plaintiff's motion for reconsideration was filed after the thirty day window for filing an appeal from the judgment, it is untimely. See Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment).

Plaintiff fails to demonstrate that an "other reason that justifies relief" under Rule 60(b)(6). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)) (internal quotations omitted). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion.'" Id. (quoting Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)). Plaintiff's motion does not identify any injury or circumstances beyond his control that prevented him from opposing the motion for summary judgment. As discussed above, Plaintiff's opposition was considered by the Court. Plaintiff fails to identify any circumstances that prevented him from presenting any new or different arguments that were not presented in his original opposition.

## V.

## CONCLUSION AND ORDER

Based upon the reasons set forth above, the Court finds that Plaintiff's motion for reconsideration is untimely and Plaintiff failed to demonstrate grounds warranting reconsideration. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

It is further ORDERED that the hearing on this matter scheduled for April 17, 2013 is VACATED and taken off calendar. The parties shall not appear at that time.

IT IS SO ORDERED.

Dated:   **April 16, 2013**

UNITED STATES MAGISTRATE JUDGE