1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN, | Case No.  1:10-cv-00221-SAB |
| Plaintiff, | ORDER RE EXCUSABLE NEGLECT |
| v. | (ECF Nos. 57, 59, 121, 129, 131, 134) |
| FEDERATED LIFE INSURANCE COMPANY, | FOURTEEN DAY DEADLINE |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

On December 2, 2014, the Ninth Circuit remanded this case to this Court to address three issues.  (ECF No. 121.)  First, the Court is to address if the Court should exercise its discretion as to whether Plaintiff Keith Warkentin ("Plaintiff") established excusable neglect for his late-filed opposition.  Second, if the first issue is answered in the negative, the Court is to address if it should exercise its discretion as to whether to deem Defendant Federated Life Insurance Company's ("Defendant") proposed undisputed facts as admitted or take other action, such as allowing the entry of late-submitted factual material while providing Defendant with time to respond.  Third, the Court is to decide whether Defendant is entitled to summary judgment on its rescission claim.

1    Oral argument on the matter was held on April 8, 2015.  (ECF No. 138.)  Counsel Geni

2    Krogstad and Wade Hansard appeared for Plaintiff and counsel Daniel Costa appeared for

3    Defendant.  (Id.)  Having considered the moving, opposition and reply papers, the declarations

4    and exhibits attached thereto, arguments presented at the April 8, 2015 hearing, as well as the

5    Court's file, the Court issues the following order regarding the first two issues.

## I.

## BACKGROUND

8    The operative complaint in this action is the First Amended Complaint filed on January

9    18, 2012.  (ECF No. 39.)  Plaintiff alleges that he purchased a disability insurance policy from

10    Defendant on or around September 28, 2005.  (First Am. Compl. ¶ 23.)  Plaintiff began

11    experiencing back pain and numbness in his left leg and foot around September 2007.  (First Am.

12    Compl. ¶ 5.)  Plaintiff was placed on a modified work schedule in November 2007.  (First Am.

13    Compl. ¶ 6.)  Plaintiff filed a claim with Defendant for disability benefits on or around December

14    31, 2007.  (First Am. Compl. ¶ 8.)  Defendant initially approved Plaintiff's claim on or around

15    April 30, 2008.  (First Am. Compl. ¶ 10.)

16    On or around February 12, 2009, Defendant ceased payments on Plaintiff's claim and

17    notified Plaintiff that the claim was denied.  (First Am. Compl. ¶ 28.)  Plaintiff raises six causes

18    of action against Defendant: 1) for breach of the insurance agreement; 2) for breach of the

19    implied covenant of good faith and fair dealing; 3) for unfair business practices under California

20    Business & Professions Code § 17200; 4) for unfair business practices under California Business

21    & Professions Code § 17500; 5) for negligent misrepresentation; and 6) for fraud.

22    On February 14, 2012, Defendant filed a motion for summary judgment.  (ECF No. 45.)

23    The hearing on the motion for summary judgment was set for March 23, 2012.  Under Local

24    Rule 230(c), Plaintiff's opposition to the motion was due on March 9, 2012.  Plaintiff did not file

25    a timely opposition, which Defendant noted in its March 16, 2012 reply.  (ECF No. 56.)  On

26    March 22, 2012, Plaintiff filed an opposition, which stated that he was misinformed by a legal

27    research website, "www.jurisearch.com" regarding the due date for his opposition.  (ECF Nos.

28    57-59.)

1    The hearing on Defendant's motion for summary judgment took place on March 23,

2    2012.  On March 28, 2012, the Court issued its written order granting summary judgment in

3    favor of Defendant on all claims.  (ECF No. 62.)

4                                        **II.**

5                                 **LEGAL STANDARD**

6        The Ninth Circuit construed Plaintiff's late filed opposition as a motion to extend the

7    time for filing an opposition pursuant to Federal Rule of Civil Procedure 6(b).  By this order, the

8    Court shall address the first two issues on remand, whether Plaintiff demonstrated excusable

9    neglect for his late filed opposition, and if not, whether the Court should exercise its discretion to

10   consider Plaintiff's opposition.

11       Federal Rule of Civil Procedure 6(b)(1)(B) governs extensions of time after the relevant

12   deadline has expired and states, in pertinent part:

13       **(b)  Extending Time.**
         **(1)  *In General*.**  When an act may or must be done within a
14       specified time, the court may, for good cause, extend the time:
         ...
15       **(B)** on motion made after the time has expired if the party failed to
         act because of excusable neglect.

16   "This rule ... '[is] to be liberally construed to effectuate the general purpose of seeing that cases

17   are tried on the merits.'"  <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1258-59 (9th Cir.

18   2010) (quoting <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983)).

19       Courts have recognized that the excusable neglect standard in Rule 6(b) extends to

20   inadvertent delays.  <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>

21   (<u>Pioneer</u>), 507 U.S. 380, 391 (1993).  To determine whether a party's failure to meet a deadline

22   constitutes "excusable neglect", the Court considers four factors: 1) the danger of prejudice to

23   the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the

24   reason for the delay, including whether it was in the reasonable control of the movant; and 4)

25   whether the movant acted in good faith.  <u>Pioneer</u>, 507 U.S. at 395.

26       "[A] lawyer's failure to read an applicable rule is one of the least compelling excuses that

27   can be offered."  <u>Pincay v. Andrews</u>, 389 F.3d 853, 859 (9th Cir. 2004).  Similarly, "a lawyer's

28

                                          3

mistake of law in reading a rule of procedure is not a compelling excuse." Id. at 860.  At the same time, there are no "per se" rules regarding what constitutes excusable neglect and what does not, and the Court must apply an "elastic concept" that is equitable in nature.  Id. at 860 ("...under Pioneer, the correction approach is to avoid any per se rule.").

### III.

### DISCUSSION

**A.      Whether Plaintiff Established Excusable Negligence for his Late-Filed Opposition**

This proceeding was remanded to this Court to determine whether Plaintiff's failure to file a time opposition to the motion for summary judgment was the product of excusable neglect. The Ninth Circuit found that this Court erred by failing to address the "excusable neglect" factors in evaluating Plaintiff's request to file an untimely opposition to the pending motion for summary judgment in March 2012.  Accordingly, the Court revisits Plaintiff's March 22, 2012 request to file a late opposition and continue the summary judgment hearing date.  In so doing, the Court evaluates the excusable neglect factors as they existed at the time of Plaintiff's request.

Notably, Plaintiff is no longer represented by the same counsel who represented him when the motion for summary judgment was filed, briefed, and argued.  At the time of the conduct at issue, Plaintiff was represented by David Hollingsworth.  Plaintiff is now represented by Wade M. Hansard and Geni Karen Krogstad from the Law Offices of McCormick Barstow Sheppard Wayte & Carruth LLP.

1.      Danger of Prejudice

There is little evidence of substantial prejudice to Defendant in this instance.  Although Defendant argues that, theoretically, prejudice can result from delay which causes the loss of evidence or greater opportunity for fraud or collusion, Defendant fails to demonstrate any tangible harm suffered in this action.

Defendant argues that Plaintiff actually caused a ten month delay, when factoring in the multiple motions for reconsideration filed by Plaintiff.  However, as discussed above, in determining whether Plaintiff established excusable neglect with respect to the late-filed

1  opposition, the Court only considers the facts as they existed when the request to file the late

2  opposition was made on March 22.

3      At that time, Defendant had suffered minor prejudice as a result of Plaintiff's actions.

4  First, the Court notes that Plaintiff filed his opposition and requested a continuance the day

5  before the hearing on the motion for summary judgment, which was scheduled to be heard in

6  March 23, 2012.   The Court further notes that the Court's records indicate that Plaintiff's

7  opposition and request for a continuance was filed on 7:38 p.m.   Therefore, Defendant was

8  placed in the rather unpleasant position of having to address Plaintiff's arguments, raised after

9  business hours on the day before the hearing, assuming that he received notice of the filing prior

10 to the hearing.

11     Defendant argues that Plaintiff did not suffer any prejudice because the Magistrate Judge

12 considered his opposition.   While this Court found that Plaintiff's opposition had been

13 considered in granting the motion for summary judgment, the appellate court found that the

14 record did not clearly indicate whether he suffered prejudice.   (Memorandum 3, ECF No. 121.)

15 The appellate court found that the record is inconsistent and ambiguous regarding whether the

16 opposition was considered since the judge stated that Plaintiff was not entitled to be heard on the

17 motion and the order considered the facts undisputed for the purposes of the motion.   (Id. at 4.)

18     Accordingly, this factor weighs in favor of a finding of excusable neglect.

19     2.   The Length of the Delay and Its Potential Impact on the Proceedings

20     While Defendant argues that the delay in this action stretched to ten months, as discussed

21 above, the period considered by the Court is the two week delay requested to allow Defendant to

22 file a reply to the opposition.   Plaintiff requested a fourteen day continuance of the motion for

23 summary judgment hearing, pushing it from March 23, 2012 to April 6, 2012.   This could have

24 caused a minor domino effect with respect to the pretrial conference and trial dates, which at the

25 time were set for April 13, 2012 and May 29, 2012.   However, the Court finds that the length of

26 this delay is relatively minimal.   See Bateman v. United States Postal Service, 231 F.3d 1220,

27 1225 (9th Cir. 2000) (losing a quick victory on a motion for summary judgment and having to

28 reschedule the trial date is insufficient to justify relief).   Therefore, this factor does not weigh

1   substantially against a finding of excusable neglect.

2        3.     The Reason for the Delay

3       The Court finds the reason for the delay to be the strongest factor weighing against a

4 finding of excusable neglect. At the time the motion for summary judgment was filed, Plaintiff

5 was represented by David Hollingsworth. Mr. Hollingsworth indicated his staff researched the

6 briefing deadlines for the motion for summary judgment using the website www.JuriSearch.com.

7 Plaintiff provided a copy of the webpage which states that the affidavits in opposition to the

8 motion for summary judgment may be served before the hearing day. (Rule 56, ECF No. 59-3.)

9       Defendant filed a reply on March 16, 2012, indicating that Plaintiff had not filed an

10 opposition. It was at this time that Mr. Hollingsworth realized that Plaintiff had failed to timely

11 respond to the motion for summary judgment. (Transcript of Proceedings 8:6-12, ECF No. 99.)

12 Mr. Hollingsworth then contacted counsel for Defendant in an attempt to stipulate to a

13 continuance of the hearing to allow Plaintiff to file an opposition. The record is devoid of any

14 indication of when this occurred or what occurred during this time, however, the parties agree

15 that Defendant refused to stipulate to a continuance. Mr. Hollingsworth filed an opposition to

16 the motion for summary judgment on March 22, 2012, the day before the hearing, at 7:38 p.m.

17       Attorneys who practice in the federal courts are expected to become familiar with rule

18 changes on or shortly after their effective date. Graham v. Pennsylvania R.R., 342 F.2d 914, 916

19 (D.C. 1964) (affirming lack of excusable neglect where attorney was unaware of rule change);

20 see also Kyle v. Campbell Soup Co., 28 F.3d 928, 930 (9th Cir. 1994) as amended on denial of

21 reh'g (Apr. 8, 1994) (even given greater deference to criminal court's finding of excusable

22 neglect in criminal cases, mistaken belief as to time of filing appeal does not constitute excusable

23 neglect). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually

24 constitute 'excusable' neglect." Kyle, 28 F.3d at 931 (quoting Pioneer, 507 U.S. at 392); Briones

25 v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (ignorance of Rules does not

26 constitute excusable neglect).

27       Rule 56 was revised in 2010 and the motion at issue here was filed in February 2012.

28 Given the amount of time between the revision of the Rule and the date of the motion at issue

here, it would be reasonable to expect an attorney to be familiar with the Rule change.  Further, Local Rule 230 provides that opposition to a motion must be filed fourteen days prior to the hearing date.  Simply checking the current copy of the Federal Rules of Civil Procedure or the Local Rules, both of which are readily available on the Court's website, would have informed Plaintiff of the filing requirements for opposing the motion for summary judgment.  Further, a pragmatic approach questions why any court would have system in which the parties were not required to file their pleadings in sufficient time for the Court to receive and review them prior to the hearing.  This simply misses the point of oral argument.  The purpose of the pleadings is to inform the Court of the position of the parties in deciding the issue before it.  The Court holds oral argument to address issues or concerns the Court has after review of the parties' pleadings. Filing an opposition after the close of business on the day prior to oral argument does not fulfill that purpose.

Additionally, Plaintiff was aware as early as six days prior to the hearing that the opposition deadline had been missed.  While Plaintiff did request a stipulated continuance after discovering that the deadline was missed, Plaintiff did not file a motion for an extension of time when Defendant would not stipulate to the request.  Rather, Plaintiff waited to make his request to the Court in the opposition filed after 5:00 on the day prior to the hearing.  The facts here weigh heavily against finding excusable neglect.

4.     Good Faith

Plaintiff argues that there is no evidence of bad faith on the part of Plaintiff or his counsel.  Defendant counters that Mr. Hollingsworth acted in bad faith in filing the opposition after 5:00 the night prior to the hearing to obtain a tactical advantage and sets forth eight examples of counsel's conduct in support.  Plaintiff contends that the examples cited by Defendant to demonstrate bad faith do not contain an element of willfulness.

In determining whether a party acts in bad faith, courts consider whether the error was due to negligence and carelessness rather than deviousness or willfulness.  Bateman, 231 F.3d at 1225; Laurino v. Syringa General Hospital, 279 F.3d 750, 755 (9th Cir. 2002).  "The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of

1 negligence." Pincay, 389 F.3d at 861 (concurring opinion).

2     Defendant points to counsel not familiarizing himself with the filing deadlines and not

3 advising his client until the night prior to the hearing that a motion for summary judgment had

4 been filed as evidence of bad faith.  It is difficult to see how these incidents would be willful

5 conduct intended to give Plaintiff a tactical advantage as Defendant contends.  Additionally,

6 Defendant requests that the Court consider counsel's conduct after the motion for summary

7 judgment was decided.  Even assuming that there was some indication that action after the

8 motion for summary judgment was taken in bad faith, the Court could not find evidence of bad

9 faith in filing the opposition on the eve of the motion hearing due to these later incidents.

10     Defendant also requests the Court find bad faith because Mr. Hollingsworth knew for six

11 days that the opposition was late and he did not file anything until the night prior to the hearing.

12 The Court is particularly disturbed by Mr. Hollingsworth lack of professional courtesy by filing

13 his request in the eleventh hour, approximately thirteen hours before the hearing on the motion

14 for summary judgment.   Mr. Hollingsworth was on-notice of his failure to file a timely

15 opposition as early as March 16, 2012, when Defendant filed its reply which expressly pointed

16 out Plaintiff's failure to file a timely opposition.

17     While Plaintiff was on notice that he did not file a timely opposition, he did not file a

18 motion for an extension of time to file his opposition and to continue the hearing on the motion

19 to allow Defendant to file a reply.   Rather, after being informed that Defendant would not

20 stipulate to an extension of time, Plaintiff waited until after close of business the night before the

21 hearing to file his opposition.

22     Plaintiff argues that this demonstrates that counsel did not act in bad faith.   In his

23 opposition, Plaintiff requested a continuance of the hearing on the motion to allow Defendants to

24 file a reply, with no discussion of excusable neglect.  The motion was supported solely by a two

25 page declaration of counsel and a copy of the Rule as printed on the legal website relied upon.

26 (ECF No. 59-3.)  However, failing to request a continuance and filing the opposition on the eve

27 of the hearing created a real possibility that Defendant would appear at the hearing without the

28 opportunity to review the opposition.  Similarly, it is apparent from the record that the Court was

1   unaware that an opposition had been filed.  There is at least an inference that the delay in filing

2   the opposition was for the purpose of gaining a strategic advantage during the hearing as

3   Defendant was unprepared to address any issues raised in Plaintiff's opposition.

4          Accordingly, this factor weighs against finding excusable neglect.

5          5.     Plaintiff has Not Demonstrated Excusable Neglect for the Late Filed Opposition

6          Based upon the analysis of the four factors, the Court finds that Plaintiff has not

7   demonstrated excusable neglect.  While the delay and prejudice to Defendant are minimal, the

8   reason for the delay weighs heavily against excusable neglect; and the Court does find that filing

9   the opposition to the motion on the eve of the hearing creates at least the inference of bad faith.

10  Plaintiff's motion for a continuance could properly be denied.

11      **B.     Opposition to Motion for Summary Judgment**

12         Plaintiff requests to be allowed to file a new opposition to the motion for summary

13  judgment or for the Court to use its discretion to consider the opposition filed on March 22,

14  2012.  To the extent that Plaintiff argues that his counsel did not adequately oppose the motion

15  for summary judgment and he should be granted the opportunity to file a new opposition, clients

16  must be held accountable for the acts and omissions of their attorneys."  Pioneer Inv. Services

17  Co., 507 U.S. at 396.  In Pioneer, the Supreme Court rejected the argument "that it would be

18  inappropriate to penalize respondents for the omissions of their attorney."  Id.

19         Here, Plaintiff filed an opposition to the motion for summary judgment and if timely all

20  that remained was for Defendant to file a reply.  Plaintiff provides no authority to allow him to

21  file a new opposition based upon facts that were available to him at the time his current

22  opposition was filed.  The Court does not find good cause to allow Plaintiff the opportunity to

23  file a new opposition.

24         In order to avoid any prejudice to Plaintiff, this Court will exercise its discretion to

25  consider the opposition filed March 22, 2012.[1]  However, the Court will not allow Plaintiff to file

26  a new opposition to present additional facts and argument that were available at the time the

27  _____

28  [1] At the April 8, 2015 hearing, Defendant agreed that, based upon the remand order from the Ninth Circuit, the Court should consider the opposition in deciding the motion for summary judgment.

1   original opposition was filed.  <u>See</u> <u>Harrison v. Hedgpeth</u>, No. C 12-0963 YGR (PR), 2014 WL

2   46701, at *4 (N.D. Cal. Jan. 6, 2014) (denying request to file new opposition – no good cause for

3   relitigating fully-briefed motions for summary judgment).

4          At the time that the motion for summary judgment was denied, Defendant had not filed a

5   reply to Plaintiff's opposition.  After remand from the Ninth Circuit, the parties were ordered to

6   brief whether Defendant is entitled to summary judgment on its rescission claim.  Defendant has

7   filed a brief and Plaintiff filed a reply.  At the April 8, 2015 hearing, the parties indicated that the

8   record is complete and agreed that the record to be considered in deciding the motion to dismiss

9   is the record that existed on the date that Judge Beck ruled on the motion for summary

10  judgment.[2]

11         In the parties briefing filed after remand, they both argue facts that were placed in the

12  record after the motion for summary judgment was decided by Judge Beck.  For that reason, the

13  briefing on issue three shall be disregarded as they address evidence that did not exist on the date

14  that the motion was submitted.  Since the Court is considering the late filed opposition filed by

15  Plaintiff on March 22, 2012, Defendant shall be provided the opportunity to file a reply to the

16  opposition.  Defendant is advised that as discussed herein the reply must be complete in and of

17  itself and no documents filed after March 22, 2012 will be considered in deciding the motion for

18  summary judgment.  Once Defendant files a reply, the matter will be considered submitted.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  _____

28  [2] Additionally, as discussed above, Plaintiff has not demonstrated good cause to entitle him to file a new opposition or supplement his opposition to the motion for summary judgment.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff has not demonstrated excusable neglect for his late filed opposition.  However, the Court shall exercise its discretion to consider the late filed opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of service of this order, Defendant shall file a reply in compliance with this order; and

2. The matter will be deemed submitted once the reply is filed.

IT IS SO ORDERED.

Dated:   **April 15, 2015**

UNITED STATES MAGISTRATE JUDGE

11