# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WARKENTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERATED LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.  1:10-cv-00221-SAB<br><br>ORDER DENYING DEFENDANT'S BILL OF COSTS<br><br>(ECF Nos. 146, 147, 152) |

## I.

## RELEVANT PROCEDURAL HISTORY

On March 28, 2012, the Court issued a written order granting summary judgment in favor of Defendant on all claims.  (ECF No. 62.)  Defendant submitted a bill of costs on April 10, 2012 seeking 52,449.59 in costs.  On September 9, 2012, the magistrate judge assigned to the action issued an order re objections to the bill of costs.  The order considered all the category of costs and granted $2,902.29 in costs, disapproving the remaining requests.

On December 2, 2014, the Ninth Circuit remanded this case to this Court to apply the correct legal standard to the motion for summary judgment.  (ECF No. 121.)  On May 15, 2015,

1

an order issued granting Defendant's motion for summary judgment and judgment was entered in favor of Defendant. (ECF No. 144.) Defendant submitted a bill of costs on May 29, 2015, seeking $52,449.59 in costs. (ECF No. 146.) Plaintiff filed objections to the bill of costs on June 5, 2015. (ECF No. 147.) Defendant filed a response on June 12, 2015. (ECF No. 152.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party." The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." L.R. 292(a); see also Grove v. Wells Fargo Financial California, Inc., 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power to shift litigation costs is defined by section 1920, absent express statutory authority). Under 28 U.S.C. § 1920 the Court may tax costs for:

>   (1)   Fees of the clerk and marshal;
>   (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3)   Fees and disbursements for printing and witnesses;
>   (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5)   Docket fees under section 1923 of this title;
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); see also In re Paoli R.R. Yard PCB Litigation (In re Paoli), 221 F.3d 449, 458 (3d Cir. 2000) (the phrase " 'unless the court otherwise directs' makes the allowance of costs discretionary"). To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances. In re Paoli, 221 F.3d at 462-63; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("losing party must show why costs should not be awarded"). The district

1  court may apportion costs between the winning and losing parties, including apportioning costs
2  between multiple plaintiffs or defendants on the same side.  In re Paoli, 221 F.3d at 469.

### III.

### Discussion

In the September 9, 2012 order addressing the objections to the bill of costs, Judge Beck found that Plaintiff had not demonstrated that he is incapable of paying Defendant's "limited costs in the future." (ECF No. 102 at 5.)  Therefore, Judge Beck found that Plaintiff had not overcome the presumption of Rule 54(d)(1).  Judge Beck then addressed each category of costs on the merits.

Defendant's request for deposition transcripts and witness fees was granted in part.  Defendant did not submit any receipts or other documentation for the deposition transcripts so the request was denied.  The court awarded the witness fees in the amount of $2,093.29.

Defendant's request for $716.30 for document copying was granted.

Defendant requested costs of $1,155.00 for legal consults for record review and chronology; costs for surveillance of Plaintiff in the amount of $10,947.13; expert fees in the amount of $28,677.00; and attorney travel expenses in the amount of $1,609.83.  These costs were denied as they fell outside of the categories enumerated in 28 U.S.C. § 1920 and are not allowable costs.

The Court granted Defendant's request for transcript costs of $92.70.

In all, the Court awarded costs of $2,902.29.

Defendant now submits a second bill of costs seeking those same costs previously considered by Judge Beck as well as an additional $375.39 for mileage to attend depositions in this action. (ECF No. 146.)  Plaintiff objects to the bill of costs on the grounds that Defendant is seeking the same costs that were ruled upon in the September 9, 2012 order and that order constitutes law of the case.  Defendant counters that Plaintiff has not paid the prior costs that were awarded and argues that costs are appropriate due to the settlement offers that were made in August 2014.

Given that Judge Beck addressed the actual costs on the merits the court construes

Defendant's bill of costs as a motion for reconsideration. Under Rule 60(b), a district court may grant relief from its previous orders in the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; … (4) the judgment is void; … or [¶] (6) any other reason that justifies relief." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). Moreover, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation..." of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal quotation marks and citation omitted).

"Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)) (internal quotations omitted). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion.'" Id. (quoting Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Requests for reconsideration are also governed by Local Rule 230(j) which states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Defendant argues that costs should be awarded because costs were incurred in addressing Plaintiff's motions for reconsideration and the action was remanded on appeal. However, the Ninth Circuit ordered that each party was to bear its own costs on appeal. (ECF No. 127.) Further, the costs that Defendant is seeking were those incurred prior to the April 10, 2012 bill of costs being filed.

Defendant has not demonstrated any grounds for reconsideration of the September 9, 2012 order awarding costs. The costs for which Plaintiff seeks reimbursement are those same costs which Judge Beck found to fall outside of those categories of reimbursable costs. Further, Defendant seeks reimbursement for deposition costs that were not awarded because no documentation was provided with the September 9, 2012 bill of costs. While Defendant has now provided the documentation for the deposition transcripts that were not included in the original request, Defendant waited over two and one half years to seek reconsideration of the order denying the request for costs in part and has not addressed why this documentation was not available earlier. Finally, the current bill of costs seeks an additional $375.39 for mileage that should have been included in the original bill of costs and was not requested. The Court finds that Defendants has not provided any ground to reconsider the prior order awarding costs in this action.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Defendant's bill of costs, filed May 29, 2015, which the Court construes as a motion for reconsideration, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE